# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------x

ZAINAB ESSKALLI and CHOUAIB ESSKALLI, infants, by their father and natural guardian, ABDELILAH ESSKALLI, ABDELILILAH ESSKALLI, individually, and FATIMA HERRAK,

           Plaintiff(s),

   -against-

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, and MACY'S, INC.,

           Defendant(s),

--------------------------------------------x

**COMPLAINT**



Docket No.:

**JURY TRIAL DEMANDED**

## NATURE OF ACTION

1. Plaintiffs, ZAINAB ESSKALLI and CHOUAIB ESSKALLI, infants, by their father and natural guardian, ABDELILAH ESSKALLI, ABDELILILAH ESSKALLI, individually, and FATIMA HERRAK (hereinafter referred to collectively as "Plaintiffs"), bring this action against Defendants, THE CITY OF NEW YORK (hereinafter referred to as "CITY"), THE NEW YORK CITY POLICE DEPARTMENT (hereinafter referred to as "NYPD"), and MACY'S, INC., (hereinafter referred to as "MACY'S"), for declaratory and monetary relief and damages (compensatory and punitive) for injuries Plaintiffs have sustained arising out of the false arrest, false imprisonment, malicious prosecution and assault and battery of Plaintiffs by the Defendants, in violation of Plaintiffs' rights under the Fourth and Fourteenth Amendments of the United States Constitution.

2. The Plaintiffs, through their attorneys, AHMAD & NAQVI, LLP, complaining of the Defendants, respectfully allege:

## JURISDICTION

3. This action is brought pursuant to 28 USC §§ 1331 and 1343, 42 §§ 1983, 1985 and 1988 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States. Pendant Jurisdiction, Pendant Party Jurisdiction, and Supplementary Jurisdiction over plaintiffs' state law claims is asserted.

4. The amount in controversy exceeds $75,000.00 excluding interest and costs.

5. Venue is laid within the United States District Court for the Southern District of New York in that the events giving rise to the claim in this action occurred within the boundaries of the Southern District of New York.

6. This is a continuing action of discrimination as is demonstrated by the facts set forth below. Plaintiff filed written Notice of Claim with the City of New York on or about July 15, 2010. This matter has not been settled or otherwise disposed of in any manner.

## PARTIES

7. At all times relevant to the complaint herein, Plaintiffs, FATIMA HERRAK and ABDELILAH ESSKALLI, are residents of the County of Queens, City and State of New York.

8. At all times relevant to the complaint herein, the infant-Plaintiffs, ZAINAB ESSKALLI and CHOUAIB ESSKALLI, are residents of the country of Morocco.

9. That at all times hereinafter mentioned, and upon information and belief, the defendant, CITY, was at all times relevant hereto, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York.

10. That the Defendant, NYPD, was at all times relevant hereto, an agency of the defendant, CITY.

11. At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City of New York and the State of New York.

12. That at all times hereinafter mentioned, and upon information and belief, the defendant, MACY'S, was at all times relevant hereto, a foreign business corporation duly licensed and authorized to do business in the State of New York.

13. At all times hereinafter mentioned, and upon information and belief, the defendant, MACY'S, owned and continue to own the premises designated as 151 West 34th Street, New York, New York.

14. At all times hereinafter mentioned, and upon information and belief, the defendant, MACY'S, operated and continue to operate the premises designated as 151 West 34th Street, New York, New York.

15. At all times hereinafter mentioned, and upon information and belief, the defendant, MACY'S, managed and continue to manage the premises designated as 151 West 34th Street, New York, New York.

16. At all times hereinafter mentioned, and upon information and belief, the defendant, MACY'S, maintained and continue to maintain the premises designated as 151 West 34th Street, New York, New York.

17. At all times hereinafter mentioned, and upon information and belief, the defendant, MACY'S, controlled and continue to control the premises designated as 151 West 34th Street, New York, New York.

18. At all times hereinafter mentioned, and upon information and belief, the defendant, MACY'S, supervised and continue to supervise the premises designated as 151 West 34th Street, New York, New York.

## NOTICE OF CLAIM

19. Within 90 days of the occurrence of the incident outlined herein, plaintiffs filed a written Notice of Claim with the City of New York. This matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

20. On or about July 8, 2009, at approximately 5:30pm, infant-Plaintiffs, ZAINAB ESSKALLI and CHOUAIB ESSKALLI, along with their grandmother, Plaintiff, FATIMA HERRAK, were patrons at the department store located at 151 West 34th Street, New York, New York, which, upon information and belief, is owned, operated, maintained, managed, controlled and supervised by the Defendant, MACY'S.

21. On or about July 8, 2009, at approximately 5:30pm, while Plaintiff, FATIMA HERRAK, was browsing at the department store located at 151 West 34th Street, New York, New York, the infant-Plaintiffs, ZAINAB ESSKALLI and CHOUAIB ESSKALLI, noticed a bag laying on the floor by itself.

22. That the infant-Plaintiff, CHOUAIB ESSKALLI, picked up said bag and began to play with it along with the infant-Plaintiff, ZAINAB ESSKALLI.

23. That the infant-Plaintiffs, ZAINAB ESSKALLI and CHOUIAB ESSKALLI, were immediately told by their grandmother, the Plaintiff, FATIMA HERRAK, to put said bag down.

24. That the infant-Plaintiffs continued to play with said bag despite their grandmother's order, and began to run around with said bag at the above-mentioned location.

25. That the infant-Plaintiff, CHOUAIB ESSKALLI, eventually dropped said bag on the floor.

26. That at this time, the infant-Plaintiff, ZAINAB ESSKALLI, first noticed that the bag had a wallet inside of it, as said wallet only became visible after the infant-Plaintiff, CHOUAIB ESSKALLI, dropped said bag on the floor.

27. That the infant-Plaintiff, ZAINAB ESSKALLI, also noticed that the wallet located in said bag contained a sum of money in the form of bills.

28. That the infant-Plaintiff, ZAINAB ESSKALLI, surprised to suddenly find a wallet containing bills inside said bag, instinctively picked up the money and began to walk towards her grandmother, the Plaintiff, FATIMA HERRAK.

29. That suddenly, two non-uniformed males appeared, grabbed and detained the infant-Plaintiffs, ZAINAB ESSKALLI and CHOUAIB ESSKALLI. That said non-uniformed males physically assaulted and battered the infant-Plaintiffs by grabbing their arms and holding them down with undue and unnecessary force, said actions all taking place in the presence of the infant-Plaintiffs grandmother, the Plaintiff, FATIMA HERRAK.

30. That upon information and belief, the two non-uniformed males were employed by the Defendant, MACY'S.

31. That upon information and belief, the two non-uniformed males were employed by the Defendants, CITY and NYPD.

32. That the two non-uniformed males never identified themselves to the Plaintiffs.

33. That immediately thereafter, a uniformed female police officer employed by the Defendant, NYPD, appeared and apprehended the Plaintiff, FATIMA HERRAK.

34. That immediately and suddenly thereafter, the Plaintiffs, ZAINAB ESSKALLI and CHOUAIB ESSKALLI, along with their grandmother, the Plaintiff, FATIMA HERRAK, were falsely arrested and apprehended by the Defendant, NYPD.

35. That upon information and belief, said Plaintiffs were immediately placed in a police vehicle and driven to the Midtown South Precinct located at 357 West 35th Street, New York, New York.

36. That while travelling in said police vehicle to said precinct, the officers in the vehicle began making derogatory racist remarks towards said Plaintiffs and laughing at them.

37. That after arriving at said police precinct, members of the Defendant, NYPD, forced the Plaintiff, FATIMA HERRAK, and the infant-Plaintiff, ZAINAB ESSKALLI, to remove their religiously-mandated head coverings.

38. That the Plaintiff, FATIMA HERRAK, and the infant-Plaintiff, ZAINAB ESSKALLI, were denied their right to wear their religiously-mandated head-covering for a total of over twenty-one (21) hours.

39. That the Plaintiff, FATIMA HERRAK, was denied water, despite informing the Defendants that she had just recently been in the hospital for an unrelated medical condition.

40. That the infant-Plaintiff, CHOUAIB ESSKALLI, was detained for over seven (7) hours, when he was released in the care of this father, the Plaintiff, ABDELILAH ESSKALLI, by the Defendant, NYPD, in the early morning hours of July 9, 2009, and told to report to Family Court on July 10, 2009.

41. That the infant-Plaintiff, CHOUAIB ESSKALLI, along with his father, the Plaintiff, ABDELILAH ESSKALLI, appeared in Family Court on July 10, 2009.

42. Upon information and belief, the matter was adjourned to August 11, 2009, at which point the Defendant, CITY, issued a Notice of Declination, thereby declining to prosecute the infant-Plaintiff, CHOUAIB ESSKALLI, on any charges.

43. That the Plaintiff, FATIMA HERRAK, and the infant-Plaintiff, ZAINAB ESSKALLI, were detained for over twenty-one (21) hours until their arraignment on July 9, 2009.

44. After said arraignment, the case against the infant-Plaintiff, ZAINAB ESSKALLI, was adjourned to August 13, 2009.

45. That the infant-Plaintiff, ZAINAB ESSKALLI, appeared on August 13, 2009.

46. That on August 13, 2009, when the case of the infant-Plaintiff, ZAINAB ESSKALLI, was called on the calendar on said date, the Honorable Judge sitting in said part severely admonished the prosecution and the Defendant, NYPD, on the record for wasting the Court's time by trying to prosecute the infant-Plaintiff, ZAINAB ESSKALLI.

47. That the Honorable Judge wanted the prosecution to dismiss the case outright, but the prosecution refused, and the case against the infant-Plaintiff, ZAINAB ESSKALLI, was again adjourned to December 29, 2009.

48. That in the meantime, the first appearance after the arraignment for the Plaintiff, FATIMA HERRAK, was on October 19, 2009. That when said Plaintiff appeared on that date, she was immediately offered an Adjournment in Contemplation of Dismissal.

49. That on December 29, 2009, the infant-Plaintiff, ZAINAB ESSKALLI, once again appeared in Court, at which time the prosecution also immediately offered an Adjournment in Contemplation of Dismissal.

50. That the case against the Plaintiff, FATIMA HERRAK, was officially dismissed on April 16, 2010.

51. That the case against the infant-Plaintiff, ZAINAB ESSKALLI, was officially dismissed on June 28, 2010.

52. That the arrest of the Plaintiffs was committed by the Defendants without legal process and without probable cause.

53. That the Defendants acted maliciously and intentionally.

54. As a direct and proximate result of the acts of the Defendants, the Plaintiffs suffered severe and permanent injuries including but not limited to embarrassment, humiliation, loss of liberty, fear, psychological suffering, emotional distress and mental anguish.

## FIRST CAUSE OF ACTION
(FALSE ARREST AND ILLEGAL IMPRISONMENT)

55. Paragraphs 1 through 54 are herein incorporated by reference.

56. Defendants subjected plaintiffs to false arrest, imprisonment, and deprivation of liberty without probable cause.

57. Defendants have deprived plaintiffs of their civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under 42 U.S.C. §§ 1983 and 1985 and the Constitution and Laws of New York State.

58. As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiffs were damaged in the sum of One Million ($1,000,000.00) Dollars.

## SECOND CAUSE OF ACTION
(MUNICIPAL LIABILITY)

59. Paragraphs 1 through 58 are incorporated herein by reference.

60. Defendant CITY OF NEW YORK is liable for the damages suffered by the plaintiffs as a result of the conduct of its employees, agents, and servants.

61. Defendant CITY OF NEW YORK knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

62. Upon information and belief, defendants and their supervisors have in the past falsely arrested individuals without probable cause and have used excessive force against individuals.

63. Defendant CITY OF NEW YORK has failed to take steps necessary to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

64. Defendant CITY OF NEW YORK has damaged the plaintiffs by its failure to properly supervise, train, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar cases involving police misconduct.

65. Defendants subjected plaintiffs to false arrest, false imprisonment and excessive physical force.

66. Plaintiffs have been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

### THIRD CAUSE OF ACTION
(FOURTH AMENDMENT)

67. Paragraphs 1 through 66 are incorporated herein by reference.

68. Defendant NYPD illegally arrested plaintiffs subjecting them to false arrest, imprisonment and deprivation of liberty with probable cause.

69. That as a result of the foregoing, the plaintiffs have been deprived of their following rights, privileges and immunities secured them by the constitution and the laws of the

United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiffs not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

70. Plaintiffs have been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

## FOURTH CAUSE OF ACTION
(FOURTEENTH AMENDMENT)

71. Paragraphs 1 through 70 are incorporated herein by reference.

72. Defendant NYPD illegally arrested plaintiffs subjecting them to false arrest, imprisonment and deprivation of liberty with probable cause.

73. That as a result of the foregoing, the plaintiffs has been deprived of their following rights, privileges and immunities secured them by the constitution and the laws of the United States: the right to be secure in their person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of their civil rights in violation of the statutes made and provided.

74. Plaintiffs have been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

## FIFTH CAUSE OF ACTION
(ASSAULT AGAINST DEFENDANTS, CITY AND NYPD)

75. Paragraphs 1 through 74 are incorporated herein by reference.

76. That the Court has pendant jurisdiction of this claim.

77. That as a result of the foregoing, officers of the defendant NYPD intentionally put the plaintiffs in fear and fright of imminent physical harm.

78. Plaintiffs have been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($ 1,000,000.00) Dollars.

## SIXTH CAUSE OF ACTION
(BATTERY AGAINST DEFENDANTS, CITY AND NYPD)

79. Paragraphs 1 through 78 are incorporated herein by reference.

80. Officers of the Defendant, NYPD, battered the said plaintiff.

81. Plaintiffs have been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

## SEVENTH CAUSE OF ACTION
(ASSAULT AGAINST DEFENDANT, MACY'S)

82. Paragraphs 1 through 81 are incorporated herein by reference.

83. That the Court has pendant jurisdiction of this claim.

84. That as a result of the foregoing, employees of the Defendant, MACY'S, intentionally put the plaintiffs in fear and fright of imminent physical harm.

85. Plaintiffs have been damaged as a result of the wrongful, negligent and illegal acts of the defendant, MACY'S in the amount of One Million ($ 1,000,000.00) Dollars.

## EIGHTH CAUSE OF ACTION
(BATTERY AGAINST DEFENDANT, MACY'S)

86. Paragraphs 1 through 85 are incorporated herein by reference.

87. Employees of the Defendant, MACY'S, battered the said plaintiff.

**88.** Plaintiffs have been damaged as a result of the wrongful, negligent and illegal acts of the defendant MACY'S in the amount of One Million ($1,000,000.00) Dollars.

## NINTH CAUSE OF ACTION
(MALICIOUS PROSECUTION)

**89.** Paragraphs 1 through 88 are incorporated herein by reference.

**90.** Defendants caused a false accusatory instrument to be filed against plaintiff.

**91.** The criminal instrument was dismissed and the criminal proceedings favorably terminated.

**92.** Defendants have deprived plaintiffs of their civil, constitutional and statutory rights and have conspired to deprive them of such rights and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

**93.** Plaintiff was damaged in the sum of One Million ($1,000,000.00) Dollars as a result of the malicious prosecution implemented by the defendants.

**WHEREFORE**, plaintiffs demand judgment against the defendants, jointly and severally as follows:

A.   In favor of the plaintiffs in the amount of One Million ($1,000,000.00) Dollars on each of the plaintiff's Causes of Action;

B.   Awarding plaintiffs punitive damages in the amount of One Million ($1,000,000.00) Dollars on each of the plaintiff's Causes of Action;

C.   Awarding plaintiffs reasonable attorney's fees, costs and disbursements of this action;

D.   Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Dated: New York, New York
September 29, 2010

By: Hyder A. Naqvi, Esq.
    Ahmad & Naqvi, LLP
    Attorneys for Plaintiffs
    22 Cortlandt St., Suite 1628
    New York, New York 10007

## **ATTORNEY'S VERIFICATION**

STATE OF NEW YORK )
) ss:
COUNTY OF NEW YORK )

**HYDER A. NAQVI, ESQ.**, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am a member of AHMAD & NAQVI, LLP, attorneys for the Plaintiffs herein. I have read the annexed **VERIFIED COMPLAINT** and know the contents thereof, and the same is true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason I make the foregoing affirmation instead of the Plaintiff is because Plaintiffs are not presently in the county wherein the attorneys for the Plaintiffs maintain their offices.

Dated: NEW YORK, NEW YORK
September 29, 2010

Hyder A. Naqvi, Esq.